**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| RUSSELL GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N22M-05-149 KMM |
| v. | ) | |
| | ) | |
| D.O.C. COMMISSIONER and | ) | |
| WARDEN ROBERT MAY (JTVCC), | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: November 28, 2023
Decided: February 6, 2024

**ORDER ON MOTION TO DISMISS AND
MOTION FOR SUMMARY JUDGMENT**

Petitioner's Motion for Summary Judgment: **DENIED.**

Respondents' Motion to Dismiss Petition for a Writ of Mandamus: **GRANTED.**

**INTRODUCTION**

1.    Petitioner Russell Grimes ("Grimes") is currently incarcerated at James T. Vaughn Correctional Center in Smyrna, Delaware.  In November of 2018, Grimes was transferred from Delaware to a Pennsylvania institution for two years pursuant to the Interstate Corrections Compact (the "Compact").[1]  While at the Pennsylvania correctional institution, Grimes permissibly purchased an electronic tablet computer at the commissary (the "Computer").  Grimes used the Computer to store and listen

---

[1] 11 *Del. C.* §§ 6570 – 6573.

to music, which he also purchased, for a total cost of approximately $800.[2]

2.      Upon his return to Delaware in February 2021, the Delaware Department of Corrections (the "DOC") confiscated the Computer. Grimes filed this action on May 31, 2022, seeking a writ of mandamus directing the DOC Commissioner and Warden Robert May (together "Respondents") to return Grimes' Computer to him.[3]

3.      There are two motions pending: (1) Respondents' Motion to Dismiss Petition for a Writ of Mandamus pursuant to Superior Court Civil Rule 12(b)(5) and Rule 12(b)(6);[4] and (2) Grimes' Motion for Summary Judgment pursuant to Superior Court Civil Rule 56.[5] The motions are addressed in turn below.

## THE PARTIES' CONTENTIONS

4.      Grimes contends that he has the right to possess the Computer while incarcerated in Delaware because it was lawfully purchased while he was incarcerated in Pennsylvania. He further contends that the DOC has no legitimate basis to confiscate his property and, therefore, he seeks a writ of mandamus to compel the DOC to return the Computer.

5.      Respondents moved to dismiss Grimes' petition under Rules 12(b)(5) and 12(b)(6) because Grimes failed (1) to comply with the mandatory service

---

[2] D.I. 1.
[3] *Id.*
[4] D.I. 23.
[5] D.I. 22.

requirements of 10 *Del. C.* § 3103(c), and (2) to state a claim upon which relief can be granted due to Grimes' failure to establish a clear right to the performance of a non-discretionary duty, and that he has no other remedy available.

## MOTION TO DISMISS

### *Standard of Review*

6.     Under Superior Court Civil Rule 12(b)(5), the Court may dismiss an action for insufficiency of service of process.  Under Rule 4(j), a plaintiff is provided 120 days to serve the defendant with the summons and complaint and if plaintiff cannot show good cause why service of process was not completed in this time-period, the action "shall be dismissed." "Good cause", synonymous with good cause and excusable neglect, requires a showing of some reasonable basis for not complying with the time-period in Rule 4(j).[6] "Excusable neglect is defined as 'neglect which might have been the act of a reasonably prudent person under the circumstances.'  In contrast, failure to perfect service as a result of *mistake, inadvertence, or 'half-hearted'* efforts does not qualify as excusable neglect."[7]

7.     Where service on a governmental organization is involved, Superior Court Civil Rule 4(f)(1)(IV) provides additional procedures for service of process. In addition to serving the summons and complaint on the chief executive officer, service must satisfy other applicable law for the service of summons upon such

---

[6] *Woinski v. Emerson,* 2019 WL 2006486, at *4 (Del. Super. May 2, 2019).
[7] *Id.* (italics in original; citations omitted).

defendant.[8]  Specifically here, in addition to serving Respondents, 10 *Del. C.* §

3103(c) requires a plaintiff to personally serve one of the following three persons:

(1) the Attorney General; (2) the State Solicitor; or (3) the Chief Deputy Attorney

General.[9]

8.    Dismissal is appropriate under Superior Court Civil Rule 12(b)(6) when

the complaint fails to state a claim upon which relief can be granted.[10]  On a 12(b)(6)

motion, the Court: accepts as true all well pleaded factual allegations; credits vague

allegations as "well pleaded" if they give the opposing party notice of the claim;

draws all reasonable inferences in favor of the non-moving party; and denies

dismissal if there is a reasonably conceivable set of circumstances of recovery on

the claim.[11]

9.    The Court also considers the standard a party must meet to obtain a writ

of mandamus, which is an "extraordinary remedy."[12]  The Court may issue a writ of

---

[8] Super. Ct. Civ. R. 4(f)(1)(IV).

[9] *Drake v. State*, 1979 WL 195352 (Del. Super. Nov. 5, 1979); *Miller v. State*, 2003 WL 1900394, at *4 (Del. Super. June 16, 2009).  10 *Del. C.* § 3103(c) provides: "No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General."

[10] *Nat'l Amusements, Inc. v. Endurance Am. Specialty Ins. Co.*, 2023 WL 3145914, at *8 (Del. Super. Apr. 28, 2023); Super. Ct. Civ. R. 12(b)(6).

[11] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).

[12] *Mell v. New Castle Cnty.*, 835 A.2d 141, 145 (Del. Super. 2003); *Johnson v. Phelps*, 2009 WL 597625, at *2 (Del. Super. Feb. 20, 2009).  The Superior Court has jurisdiction to issue writs of mandamus under 10 *Del. C.* § 564.

mandamus to "a State officer, tribunal, board, or agency to compel the performance of an official duty."[13] Such a writ will not be issued to create a duty or to compel a discretionary act.[14] Thus, a writ of mandamus will only issue where the petitioner has demonstrated that: (1) there is a clear right to the performance of a duty; (2) no other adequate remedy is available; and (3) the agency arbitrarily failed or refused to perform its duty.[15]

*Analysis*

***Insufficient Service of Process***

10. Grimes filed this action on May 31, 2022. Thus, under Rule 4(j) service was required to be completed by September 28, 2022. As the Court found in its October 27, 2023 Order Denying Grimes' Motion for Default Judgment, Grimes had not served the Attorney General, the State Solicitor, or the Chief Deputy Attorney General at that time.[16] Grimes still has not served, or attempted to serve, any of those persons. Thus, he has not completed service of process as required by Section 3103(c).

11. Grimes did not seek leave to extend the Rule 4(j) time-period. However, in his Reply to Defendants' Opposition to Petitioner's Motion for

[13] *Land v. Carroll*, 810 A.2d 350 (Table), 2002 WL 31546530, at *1 (Del. Nov. 14, 2002). S*ee also Clough v. State*, 686 A.2d 158, 159 (Del. 1996).
[14] *King v. State*, 108 A.3d 1225 (Table), 2015 WL 317128, at *1 (Del. Jan. 23, 2015); *Capital Educators Ass'n v. Camper*, 320 A.2d 782, 786 (Del. Ch. 1974).
[15] *Land*, 2002 WL 31546530, at *1 (citing *In re Bordley*, 545 A.2d 619, 620 (Del. 1988)).
[16] D.I. 21; 10 *Del. C.* § 3103(c).

5

Summary Judgment (filed on November 28, 2023),[17] Grimes attempts to show excusable neglect, relying on *Moore v. Long,*[18] by asserting that "[a]lthough the Attorney General has not been served, the Attorney General is fully aware of the pending suit."[19]

13. In *Moore*, plaintiff contended that he was not required to comply with Section 3103(c) because the defendant, a correctional officer, was an employee of the State and not an "officer" of the State. The Court ruled that plaintiff was required to comply with Section 3103(c). However, the Court granted plaintiff additional time to effectuate service of process because his argument that he did not have to comply Section 3103(c) was a reasonable legal position as there was conflicting authority at the time the complaint was filed regarding service of process requirements.[20]

13. Here, there was no dispute that Grimes was required to comply with Section 3103(c) and thus, *Moore* does not help him. Because Grimes has not shown good grounds for failing to complete service in the time required by Rule 4(j), his petition must be dismissed under Rule 12(b)(5).

---

[17] D.I. 28.
[18] 2010 WL 1367754 (Del. Super. Mar. 31, 2010).
[19] D.I. 28 at ¶¶ 1-2.
[20] *Moore*, 2010 WL 1367754, at n.34.

*Failure to State a Claim*

14.    Even if Grimes had shown good cause and the time for service was extended, dismissal is still warranted because the petition fails to state a claim.

15.    The Court may issue a writ of mandamus to a "public official or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[21]  "For the performance of a duty to be clearly owed to a petitioner, it must be nondiscretionary or ministerial, meaning that it is 'prescribed with such precision and certainty that nothing is left to discretion or judgment.'"[22] Additionally, a writ will not issue unless "the petitioner can establish that there is no other adequate remedy available."[23]

16.    Here, Grimes argues that the DOC's duty to return his Computer derives from the Compact.  He asserts that the Compact requires the DOC to protect the rights Grimes enjoyed while in custody in Pennsylvania, *i.e.*, possession of his Computer.  The Compact, however, does not entitle Grimes to any additional rights he may have had while in Pennsylvania upon his return to Delaware.  The Compact ensures that a person's *rights in the sending state* (Delaware) are protected *while in the receiving state* (Pennsylvania).[24]  It does not protect any rights a Pennsylvania

---

[21] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015) (citations omitted).
[22] *Id.*
[23] *Id.*
[24] 11 *Del. C.* § 6571, Art. II, ¶ (b), (c), (e) (a person "shall be treated equally with such similar inmates of the receiving state [Pennsylvania] as may be confined to the same institution.  The fact of confinement in a receiving state [Pennsylvania] *shall not deprive any inmate so confined of any*

incarcerated person may have had but which are not provided in Delaware. Thus, Grimes has not shown that he is owed a duty requiring the DOC to return the Computer to him. Accordingly, he has not shown that he has a clear right to performance of any duty.

17. As Grimes acknowledges, the DOC confiscated his Computer – along with other inmates' tablets upon their return to Delaware[25] – because pursuant to DOC policy, Delaware inmates do not have permission to possess such devices.[26] Where a petitioner's claim raises issue with prison policies, a court will not intervene unless "an inmate's statutory or constitutional rights are affected…."[27] Grimes has not raised a statutory or constitutional right.

18. Finally, Grimes also has not shown that he has no other remedy. Indeed, he does not address this element of his claim.[28]

19. For these reasons, the petition fails to state a claim and must be dismissed under Rule 12(b)(6).

_____

*legal rights which said inmate would have had if confined in an appropriate institution of the sending state* [Delaware].") (emphasis added). Grimes also misconstrues Art. II, subsection (h). This subsection protects an inmate's right to participate in certain Delaware (the sending state) programs while in the custody of the receiving state (Pennsylvania). It does not provide for any protections upon the person's return to Delaware's custody.

[25] D.I. 1.

[26] *Id.*; *Walls v. Williams*, 2006 WL 1133563, at *1 (Del. Super. Mar. 28, 2006) (a mandamus is not an appropriate remedy to compel a discretionary act or to compel an official to exercise his discretion).

[27] *Walls*, 2006 WL 1133563, at *1.

[28] Respondents contend that Grimes has an adequate remedy at law in the form of replevin. D.I. 23, ¶ 10. Because Grimes fails to satisfy the other elements for issuance of a writ of mandamus, the Court does not address whether replevin is an adequate legal remedy.

## MOTION FOR SUMMARY JUDGMENT

### *Standard of Review*

20.     Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file … show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[29]  In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[30]

21.     Because the petition is dismissed for insufficient service of process and failure to state a claim, Grimes' motion for summary judgment is denied as moot.

22.     Even if the Court were to reach the merits of Grimes' motion, it would be denied because, among other things, Grimes has failed to show that he is entitled to judgment as a matter of law under Rule 56.

## CONCLUSION

Because Grimes has failed to complete service of process under Superior Court Civil Rule 4(f) and 10 *Del. C.* § 3103(c) in the time provided in Rule 4(j), and he did not show good cause, his petition must be dismissed under Rule 12(b)(5). Additionally, because Grimes failed to show he has a clear legal right to compel performance of a non-discretionary duty by Respondents, the petition must be dismissed under Superior Court Civil Rule 12(b)(6).  Finally, Grimes' motion for

---

[29] Super. Ct. Civ. R. 56(c).
[30] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

9

summary judgment is denied as moot and because he cannot show that he is entitled to judgment as a matter of law.

IT IS SO ORDERED.

*/s/ Kathleen M. Miller*
Judge Kathleen M. Miller